UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

David Martinez, a/k/a Robert
Vasquez,

       Plaintiff,

    v.                                 Civil Action No. 2:12-cv-179

State of California, Stephen Drew,
State of California Department of
Corrections,

       Defendants.

### REPORT AND RECOMMENDATION

David Martinez, a/k/a Robert Vasquez, seeks to file a *pro se* Complaint in which

he claims that he is being mistreated in prison, and that he is actually innocent of certain

offenses. Defendants include the State of California's San Diego County, California state

court Judge Stephen Drew, and the California Department of Corrections ("DOC").

Martinez has also filed a motion to proceed *in forma pauperis*. Because this case has no

connection to the District of Vermont, I recommend that the entire filing, including the *in*

*forma pauperis* motion, be TRANSFERRED to the United States District Court for the

Eastern District of California for that court's consideration.

Martinez is an inmate currently incarcerated in a State of California prison facility

in Soledad, California. His documentation indicates that he is serving a sentence of

thirty-five years to life for a range of offenses. Although Martinez's detailed, hand-

written filings are difficult to comprehend, he appears to be raising claims with respect to

his both his underlying sentence and his treatment while in prison. Portions of his filings refer to habeas corpus and assert that he is "innocent as charged." (Doc. 1-5 at 1.) The proposed Complaint also alleges that he has been unlawfully denied access to paper and a law library; has been assaulted by prison guards; was placed in "death strap" shackles; and that his personal property was confiscated and not returned. His filings also show that he has been the subject of psychiatric care.

The court observes no connection between Martinez's claims and the District of Vermont. His filings show that he was convicted in California courts, has been detained in California facilities, and is suing individuals and entities within the State of California. Accordingly, the District of Vermont is not the proper venue for this case.

Venue in federal courts is governed by 28 U.S.C. § 1391(b), which states:

A civil action may be brought in --

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under 28 U.S.C. § 1406, a district court faced with a case brought "laying venue in the wrong division or district, shall dismiss" or, in the interests of justice, shall transfer the case to the district in which it could have been brought. 28 U.S.C. § 1406(a). *Sua sponte* dismissal is reserved for cases that demonstrate

2

"extraordinary circumstances." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999).

In this case, Martinez's claims all arose in the State of California, and Defendants are within that state. Although his claims are difficult to comprehend, Martinez does set forth allegations of misconduct by prison officials, and the court's legal research suggests that he does not have a history of filing repetitive or frivolous complaints. Accordingly, the court should find that this case does not present the sort of "extraordinary circumstances" required for a *sua sponte* dismissal, and that a transfer is warranted. *See, e.g., Stich v. Rehnquist*, 982 F.2d 88, 88-89 (2d Cir. 1992) (holding that case was properly dismissed for improper venue where plaintiff, who had previously been classified as a vexatious litigant, brought suit against government officials alleging a conspiracy to prevent enforcement of air safety laws and to exploit his marital difficulties).

Because Martinez alleges that he has been incarcerated in multiple facilities within the State of California, it is not obvious which judicial district would be the most appropriate recipient of a transfer. The proposed Complaint makes reference to a prior federal court filing, docket number "11cv01377." (Doc. 1-2 at 1.) The court takes judicial notice of the fact that this docket number corresponds to a case filed by Martinez on August 16, 2011 in the United States District Court for the Eastern District of California. *See Martinez v. Drew*, Case No. 1:11-cv-01377-LJO-GBC. That case was dismissed on December 22, 2011 for failure to either pay the filing fee or file an application to proceed *in forma pauperis*. The case was filed while Martinez was an

3

inmate in Corcoran, Kings County, California, which is served by the Fresno Division of the United States District Court for the Eastern District of California.  With respect to venue, the Eastern District of California also includes the City of Sacramento, which is the site of the office of the Director of the California Department of Corrections and Rehabilitation. *See Dean v. Wong*, 2012 WL 1353894, at *3 (E.D. Cal. Apr. 16, 2012).

In light of Martinez's prior incarceration in the Eastern District of California, and the fact that at least one of the Defendants is headquartered there, venue may be most appropriate in that judicial district. *See* 28 U.S.C. § 1391(b)(1).  I therefore recommend that this case be TRANSFERRED to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1406.

Dated at Burlington, in the District of Vermont, this 14th  day of August, 2012.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2), 6(a), 6(d); L.R. 72(c). Failure to timely file such objections operates as a waiver of the right to appellate review of the District Court's adoption of such Report and Recommendation. *See Fed. R. Civ. P. 72(a); Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).