IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT VASQUEZ,

     Plaintiff,                   No. 2:12-cv-2562 JAM CKD P

    vs.

STATE OF CALIFORNIA, et al.,

     Defendants.            ORDER

/

       Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 31.) Accordingly, the request to proceed in forma pauperis will be granted.[1] The court will also vacate its April 11, 2013 recommendation that this action be

---

[1] Plaintiff's most recent request to proceed in forma pauperis was denied because he failed to file a certified copy of his prison trust account statement. (ECF No. 24.) On April 17, 2013, plaintiff filed a certified trust account statement but did not renew his motion to proceed in forma pauperis. (ECF No. 31.) Although plaintiff technically does not have an IFP motion pending, the court will grant him IFP status based on his April 17, 2013 filing and previous requests.

1

dismissed for failure to file a complete application to proceed in forma pauperis.  (ECF No. 30.)

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the federal courts.  See Swierkiewicz v. Sorema, 534 U.S. 506, 122 S. Ct. 992 (2002).  Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  Rule 8 requires only "sufficient allegations to put defendants fairly on notice of the claims against them."  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).  Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper.  McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

Here, plaintiff's complaint appears to consist of those documents filed at ECF Nos. 1-5 and 1-6, which were filed along with various other documents on August 1, 2012.  Plaintiff's lengthy and confusing allegations do not meet the pleading standard set forth in Rule

8. Many of plaintiff's allegations appear to be unrelated to one another, and it is unduly burdensome to determine which, if any, state a cognizable claim pursuant to section 1983. Moreover, insofar as plaintiff challenges his criminal conviction and sentence, such claims are not cognizable under § 1983 but are properly the subject of a petition for writ of habeas corpus.

Plaintiff's complaint will be dismissed and he will be granted leave to file an amended complaint within 30 days of service of this order. In an amended complaint plaintiff should not raise many unrelated claims, but rather focus on a few specific claims and describe the actions of the individual defendants.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In accordance with the above, IT IS HEREBY ORDERED that:

1. The findings and recommendations dated April 11, 2013 (ECF No. 30) are hereby VACATED;

2. Plaintiff's request for leave to proceed in forma pauperis is granted.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith;

4. The complaint (ECF No. 1.) is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order.

Failure to timely file an amended complaint will result in a recommendation that the action be dismissed.

Dated: May 23, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
vasq2562.B

4